IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEPHANIE HAYWOOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-CV-296-CAR |
| | : | |
| WARNER ROBINS HOUSING | : | |
| AUTHORITY, AFRICA PORTER, | : | |
| REGINALD EARLY, ROBERT | : | |
| GIDNEY, ANDRE WASHINGTON, | : | |
| KESHA BRAY, BETTY ANN FAULKS, | : | |
| and JOHN DOES 1-10.[1] | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

Before the Court is *pro se* Plaintiff Stephanie Haywood's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** If Plaintiff wishes

---

[1] Plaintiff brings claims against Defendants John Does 1-10, which are fictitious parties. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richard v. Johnson*, 598 F.3d 731, 738 (11th Cir. 2010) (per curiam); *Smith v. Comcast Corp.*, 786 Fed. App'x 935, 939 (11th Cir. 2019). The Eleventh Circuit "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage;'" but that exception does not apply here. *Richardson*, 598 F.3d at 738 (citation omitted). Plaintiff contends John Does 1-10 are "unidentified WRHA staff, contractors, or agents involved in violations described herein." Complaint [Doc. 1 at 3]. This description is insufficient to render John Does 1-10's label mere "surplusage." Thus, the Court *sua sponte* **DISMISSES** John Does 1-10 under the fictious party pleading rule.

to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **she must file a recast Complaint** within 21 days from the date of this Order, which will supersede her original Complaint, as hereinafter directed.

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[3] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[4] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[5]

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[4] *Id.*

[5] *Id.* (citation omitted).

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states she receives $1,390.00 per month from public welfare, $100.00 per month from her mother, and owns a 2013 Honda Odyssey EXL.[6] Plaintiff is unemployed and has five minor children who rely on her for support.[7] Thus, Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same

---

[6] Plaintiff's Motion to Proceed IFP [Doc. 2 at 2, 3].
[7] *Id.*
[8] 28 U.S.C. § 1915(e)(2)(b).
[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

3

standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[14]

### 1. Factual Background

Plaintiff brings claims against Defendants Warner Robins Housing Authority and its employees, Executive Director Africa Porter, Housing Manager Reginald Early, Robert Gidney, Job Plus Program Manager Andre Washington, Kesha Bray, Betty Ann Faulks, and John Does 1-10 for defamation, negligence and gross negligence, invasion of privacy/violation of right to peaceful enjoyment/unlawful entry, and intentional infliction of emotional distress; violations of the Fair Housing Act, Violence Against Women Act, Georgia Open Records Act, and Fourteenth Amendment due process; "Abuse of Authority and Unlawful 'Probation'"; and "Exhaustion of Remedies and Demand for Relocation."

---

[11] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[13] *Ashcroft*, 556 U.S. at 663.
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff alleges she is a "lawful tenant" of Defendant Warner Robins Housing Authority ("WRHA"), a public housing agency, and has complied with her lease terms and community obligations.[15] Since 2023, Plaintiff has "engaged in protected activities including requesting repairs, reporting code violations, and filing complaints to higher authorities."[16] Plaintiff contends WRHA has "subjected her to repeated harassment, baseless accusations, and improper legal actions designed to drive her from her home" in "retaliation" for her protected activity.[17] As "part of a campaign of intimidation and harassment," Plaintiff "has received multiple lease termination notices over a span of months, often during periods of active grievance, complaint filing, or when seeking enforcement of her rights."[18]

Plaintiff "has endured five unlawful eviction threats, none supported by evidence of proper legal process."[19] These five threats include: (1) a "fabricated bus stop incident"; (2) retaliation for complaining about a neighbor; (3) a "trivial 'corn flake' incident used to justify lease termination; (4) "Weaponization of inflated and undocumented maintenance charges to claim lease violation"; and (5) refusal to allow contractors in the unity.[20]

---

[15] Complaint [Doc. 1 at 2, 3].
[16] *Id.* at 4.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

5

Plaintiff contends Defendant Africa Porter "attempted to misuse Plaintiff's existing Temporary Protective Order (TPO) to bar another individual from the premises, based on false and misleading information[.]"[21] Defendant Robert Gidney allegedly "publicly referred to Plaintiff and her children as 'goons,' severely damaging her reputation and creating fear in the community."[22] Defendant Andre Washington issued Plaintiff a 24-hour notice to vacate, "despite having no legal authority to do so."[23] Defendant Betty Ann Faulks "improperly interfered in grievance proceedings, compromising their fairness and neutrality."[24] Defendant WRHA "placed Plaintiff on a fabricated 'probation' status, despite no policy outlining such punishment."[25] Plaintiff contends she requested public records on inspections and her account activity, but WRHA failed to comply.[26]

Plaintiff lists a number of additional issues arising from her housing. In May 2025, a contractor who was repairing Plaintiff's residence injured herself and began bleeding, "contaminating [Plaintiff's] residence."[27] Defendant Gidney was informed about this but there was no clean up or response. On another occasion, WRHA staff "entered Plaintiff's home without notice, failed to complete repairs, and retaliated by labeling her a

---

[21] *Id.* at 5.
[22] *Id.*
[23] *Id.* at 6.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.* at 5.

6

nuisance."[28] Plaintiff alleges she was fined $75.00 for "yard trash," without notice or a hearing, which was deducted from her tenant account before her grievance hearing in June 2025.[29] Plaintiff contends grievance hearings "were not neutral or fair," and "lacked impartiality and procedural protections."[30] Another time, "Plaintiff's car was nearly towed while having a tire issue" in an effort to "discourage her from asserting her rights."[31] Her lease was later amended to prohibit making repairs to vehicles or changing tires "as an attempt to justify retaliation."[32]

Plaintiff alleges these actions have caused her emotional trauma, reputational harm, financial hardship, and loss of safe and stable housing.[33] She seeks compensatory and punitive damages in the amount of $60,000,000, and a variety of equitable relief including: orders to relocate Plaintiff and her family to safe, stable housing; prohibiting Defendants from further harassment and retaliation; requiring WRHA to produce documents from Open Records requests and to correct inaccuracies in Plaintiff's file; a declaration that Plaintiff's constitutional and statutory rights were violated; and for all "retaliatory fines, unlawful 'probation,' and unjust records" to be expunged from her housing file.[34]

---

[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 6.
[32] *Id.*
[33] *Id.*
[34] *Id.* at 8.

## 2. Analysis

Plaintiff's Complaint is an impermissible shotgun pleading. Instead of dismissing Plaintiffs' Complaint, the Court will allow Plaintiff to file an amended complaint. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[35] "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure."[36] As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.[37]

All shotgun complaints share two characteristics. One, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[38] Two, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."[39]

---

[35] Fed. R. Civ. P. 8(a)(2).
[36] *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023).
[37] *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).
[38] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).
[39] *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation modified).

Because it is our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," the Court must "strike the complaint and instruct [the Plaintiff] to replead the case."[40] Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[41] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[42] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[43]

Plaintiff's Complaint is a shotgun pleading. She asserts multiple claims without specifying which claims she asserts against which Defendants. The Complaint fails to provide Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. Plaintiff <u>must</u> separate her causes of action into separate counts, specify which factual allegations support which claims, and specify which claims are brought against which Defendants.

---

[40] *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *see also Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) ("When a plaintiff files a shotgun pleading, a district court must give him one chance to replead before dismissing his case with prejudice on shotgun pleading grounds.").

[41] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[42] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation modified).

[43] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but Plaintiff's Complaint is a shotgun pleading. If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **she must file a recast Complaint** within 21 days from the date of this Order, which will supersede her original Complaint. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within 21 days, the Court will dismiss this action without prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 18th day of July, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT