IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEPHANIE HAYWOOD,  :
                    :
    Plaintiff,      :
                    :
    v.              :    Case No. 5:25-cv-00296-CAR
                    :
WARNER ROBINS HOUSING  :
AUTHORITY *et al.*,    :
                    :
    Defendants.     :
_____  :

## ORDER DISMISSING CASE

Currently before the Court are *pro se* Plaintiff Stephanie Haywood's First Amended Complaint [Doc. 4], Motion for Leave to File Second Amended Complaint [Doc. 5], and Motion for Leave to File Third Amended Complaint [Doc. 6]. Having conducted a preliminary screening of Plaintiff's proposed Third Amended Complaint under 28 U.S.C. § 1915(e) [Doc. 6-1], the Court **DISMISSES** this action **WITHOUT PREJUDICE** because Plaintiff's recast complaint fails to state any claim upon which relief can be granted.

1

## BACKGROUND

On July 18, 2025, the Court granted Plaintiff's Motion to Proceed IFP but ordered Plaintiff to file a recast complaint because her original complaint was a shotgun pleading.[1] Plaintiff timely filed a First Amended Complaint and thereafter, filed Motions for Leave to File a Second Amended Complaint and a Third Amended Complaint, with proposed complaints attached.[2] Plaintiff's First Amended Complaint is a shotgun pleading.[3] Plaintiff's proposed Second Amended Complaint more clearly identifies the factual allegations relevant to each separate count,[4] and Plaintiff's proposed Third Amended Complaint includes those factual allegations along with venue and jurisdictional allegations.[5] In the interests of fairness and in accordance with her wishes, the Court will review Plaintiff's proposed Third Amended Complaint for preliminary screening under 28 U.S.C. § 1915(e).

In her proposed Third Amended Complaint, Plaintiff alleges employees of Warner Robins Housing Authority (WRHA)—a public housing agency in Houston County, Georgia, where she resides—unlawfully issued a lease termination notice, eviction threats, a fine, and a notice to vacate; interfered with her grievance proceeding; referred

---

[1] Order Mot. Proceed In Forma Pauperis, [Doc. 3].

[2] First Am. Compl, [Doc. 4]; Mot. Leave File Second Am. Compl., [Doc. 5]; Mot. Leave File Third Am. Compl., [Doc. 6]; Second Am. Compl., [Doc. 5-1]; Third Am. Compl., [Doc. 6-1].

[3] *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); First Am. Compl, [Doc. 4].

[4] Second Am. Compl., [Doc. 5-1]; Third Am. Compl., [Doc. 6-1].

[5] Second Am. Compl., [Doc. 5-2]; Third Am. Compl., [Doc. 6-1].

to her and her children as "goons;" ignored maintenance issues; entered her home without justification; threatened to tow her vehicle; and failed to comply with her open records requests.[6] Plaintiff seeks compensatory damages in the amount of $60,000,000, punitive damages, and various injunctive and declaratory relief for alleged violations of the Violence Against Women Act, Fair Housing Act, and procedural due process and various state law causes of action.[7]

## DISCUSSION

Because Plaintiff is proceeding IFP, the Court is required to screen her recast complaint and must *sua sponte* dismiss the recast complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

---

[6] Third Am. Compl., [Doc. 6-1].
[7] *Id.*
[8] 28 U.S.C. § 1915(e)(2)(b).
[9] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

3

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[13]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[14] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[15] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim[.]"[16] "Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[17]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[11] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[12] *Ashcroft*, 556 U.S. at 663.

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[14] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[15] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation modified).

[16] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

[17] *Id.*

## I. "Violation of the Violence Against Women Act (34 U.S.C. § 12491)"

In Count I, Plaintiff brings a claim under 34 U.S.C. § 12491—a provision of the Violence Against Women Act (VAWA)—against Defendant Warner Robins Housing Authority (WRHA).[18] But there is no private right of action to enforce § 12491's protections.[19] Instead, the statutory scheme mandates "[t]he Secretary of Housing and Urban Development and the Attorney General [to] implement and enforce [34 U.S.C. § 12491][.]"[20] Even if VAWA did provide a private right of action to Plaintiff, Plaintiff's claim would still fail because VAWA only applies to "covered housing program[s]" under § 12491(a)(3),[21] and Plaintiff did not allege WRHA was a "covered housing program."[22] Thus, Plaintiff fails to state any claim for relief.

## II. "Retaliation in Violation of the Fair Housing Act (42 U.S.C. § 3617)"

In Count II, Plaintiff asserts a retaliation claim under 42 U.S.C. § 3617 of the Fair Housing Act (FHA) against Defendant WRHA.[23] "42 U.S.C. § 3617 prohibits retaliation

---

[18] Third Am. Compl. at 6-9, [Doc. 6-1].

[19] *Ndimbie v. Sw. Hammocks, LLLP*, No. 25-CV-61125, 2025 WL 2324361, at *2 (S.D. Fla. July 24, 2025), *report and recommendation adopted*, No. 25-61125, 2025 WL 2322445 (S.D. Fla. Aug. 12, 2025) (collecting cases); *Evans v. Bronxworks, Inc.*, No. 24-CV-7507 (LJL), 2025 WL 3469952, at *4 (S.D.N.Y. Dec. 3, 2025).

[20] 34 U.S.C. § 12494(c) ("The Secretary of Housing and Urban Development and the Attorney General shall implement and enforce this subpart consistent with, and in a manner that provides, the rights and remedies provided for in title VIII of the Civil Rights Act of 1968.").

[21] 34 U.S.C. §§ 12491(a)(3), (b).

[22] *See Evans*, 2025 WL 3469952, at *4.

[23] Third Am. Compl. at 9-11, [Doc. 6-1] ("Count II – Retaliation in Violation of the Fair Housing Act (42 U.S.C. § 3617)").

for the exercise of a right protected by the Fair Housing Act."[24] 42 U.S.C. § 3617 provides "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having exercised or enjoyed . . . any right granted or protected by [42 U.S.C. §§ 3603 to 3606]."[25] To state a retaliation claim under the FHA, "a plaintiff must allege (1) that he or she engaged in protected activity, (2) that he or she suffered adverse actions, and (3) that the adverse action was causally related to the protected activity."[26] Plaintiff fails to allege sufficient facts, accepted as true, to plausibly establish the first and third elements of her claim.

First, Plaintiff fails to sufficiently allege she engaged in protected activity. The Fair Housing Act forbids "any housing practice that 'discriminate[s] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin . . . [, or handicap.]'"[27] Accordingly, to engage in a protected activity, Plaintiff must oppose or protest discrimination prohibited under the Fair

---

[24] *Hous. Opportunities Project For Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc.*, 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007).

[25] 42 U.S.C. § 3617.

[26] *Hous. Opportunities Project For Excellence, Inc.*, 510 F. Supp. 2d at 1013 (citing *Shotz v. City of Plantation*, 344 F.3d 1161 (11th Cir. 2003)); *cf. West v. DJ Mortg., LLC*, 271 F. Supp. 3d 1336, 1361 (N.D. Ga. 2017) ("A plaintiff must show the following to prevail on a § 3617 interference claim: '(1) she is a member of a protected class under the FHA, (2) she was engaged in the exercise or enjoyment of a right protected by the FHA ..., (3) the defendant coerced, threatened, intimidated, or interfered with the plaintiff's exercise of her FHA rights, and (4) defendant was motivated in part by an intent to discriminate.'") (quoting *Sackman v. Balfour Beatty Communities, LLC*, 2014 WL 4415938, at *10 (S.D. Ga. Sept. 8, 2014)).

[27] *Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018) (quoting 42 U.S.C. §§ 3604(b), (f)(2)).

Housing Act.[28] Such actions include filing a administrative complaint with the Department of Housing and Urban Development (HUD),[29] requesting a reasonable accommodation for a disability,[30] and/or filing a lawsuit.[31] Plaintiff alleges generally that "[she] filed grievances, requested records, and reported misconduct[,]"[32] but these general allegations do not sufficiently establish she engaged in protected activity under the FHA because no factual allegations connect her unspecified grievance filings, record requests, and misconduct reports to the exercise or enjoyment of any right protected under the FHA.[33] In other words, Plaintiff fails to allege she took any action in protest or opposition to any discriminatory housing practice prohibited by the FHA.

Second, even assuming she adequately alleged protected activity, Plaintiff fails to sufficiently allege any adverse action was causally related to her protected activity. "In considering whether a defendant's actions were retaliatory, courts [often] consider

---

[28] *See Riley*, 909 F.3d at 192; *see also* 24 C.F.R. § 100.400194(c)(5) ("Conduct made unlawful under this section includes . . . [r]etaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act."); Am. Jur. Proof of Facts 3d 1 (2022) ("A protected activity, in the context of a retaliation claim under the FHA, refers to action taken, such as filing a discrimination lawsuit or administratively filing a fair-housing discrimination complaint with the Department of Housing and Urban Development (HUD), in which the plaintiff protests or opposes statutorily prohibited discrimination.").

[29] *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 842 n.40 (E.D. Pa. 2018); *Oxford House, Inc. v. City of Baton Rouge*, 932 F. Supp. 2d 683, 701 (M.D. La. 2013).

[30] *See Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 468 F. Supp. 3d 800, 815 (W.D. Tex. 2020); *Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 340 (S.D.N.Y. 2005).

[31] *See Harmony Haus Westlake, LLC*, 468 F. Supp. 3d at 815; *Campos v. HMK Mortg., LLC*, 458 F. Supp. 3d 517, 532 (N.D. Tex. 2020).

[32] Third Am. Compl. at 9-10, [Doc. 6-1].

[33] *See Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018) (holding evidence plaintiff called HUD to report misconduct was insufficient to show she engaged in a protected activity on summary judgment because she did not "call[] HUD to report a discriminatory housing practice.").

whether the temporal proximity between the [protected activity] and the defendant's allegedly retaliatory behavior is 'sufficient to state that a causal connection exists between the protected activity and the adverse action.'"[34]

Plaintiff alleges WRHA employees took the following actions "in retaliation" to her "protected activities under the FHA[:]" "Early issued five eviction threats for pretextual reasons[;] "Bray issued a $75 fine without due process[;]" "Washington issued an unlawful 24-hour notice to vacate[;]" "Faulks interfered in grievance proceedings beyond her lawful authority[;]" and "Porter upheld and enabled retaliatory actions under false pretenses, including misuse of the TPO."[35] But other than her legal conclusion that the WRHA employees acted "in retaliation[]" to her "protected activities[,]"[36] she does not allege any facts that establish a causal connection between her activities and the actions of WRHA's employees. She does not allege any facts regarding the temporal proximity between her activities and the actions of Defendant's staff—a key factor in establishing causation for FHA retaliation claims.[37] Because Plaintiff's factual allegations, accepted as true, are insufficient to establish the first and third elements of her FHA retaliation claim, Plaintiff has failed to state a claim for relief.

---

[34] *Harmony Haus Westlake, LLC*, 468 F. Supp. 3d at 815 (quoting *Chavez v. Aber*, 122 F. Supp. 3d 581, 600 (W.D. Tex. 2015)); *see also Butler v. Sundo Cap., LLC*, 559 F. Supp. 3d 452, 461 (W.D. Pa. 2021) (considering temporal proximity); *Joseph's House & Shelter, Inc. v. City of Troy*, 641 F. Supp. 2d 154, 159 (N.D.N.Y. 2009) (same); 194 Am. Jur. Proof of Facts 3d 1 (2022) (collecting cases).

[35] Third Am. Compl. at 10-11, [Doc. 6-1].

[36] *Id.* at 10.

[37] *Harmony Haus Westlake, LLC*, 468 F. Supp. 3d at 815; *Butler*, 559 F. Supp. 3d at 461; *Joseph's House & Shelter, Inc.*, 641 F. Supp. 2d at 159.

**III. "Violation of Procedural Due Process (U.S. Const. amend. XIV; 42 U.S.C. § 1983)"**

In Count III, Plaintiff asserts a *Monell* claim against WRHA under 42 U.S.C. § 1983 for multiple alleged procedural due process violations.[38] Plaintiff alleges: "[she] was fined $75 without prior notice or opportunity to be heard[;]" "[she] was subjected to an invented probation status not grounded in policy or law[;]" "[A WRHA staff member's] unauthorized participation in grievance hearings tainted fairness[;]" and "[she] was denied rights to record the hearing or bring a witness[.]"[39] Plaintiff's vague, general, and conclusory allegations are insufficient to state a claim for relief.

Section 1983 provides a private right of action against "[e]very person who," acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"[40] "Municipalities and other local government entities are considered 'persons' under § 1983."[41] But the Supreme Court has "placed strict limitations on municipal liability under § 1983[.]"[42] "A municipality [or other local governmental entity] cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality [or other local governmental

---

[38] Third Am. Compl. at 11-13, [Doc. 6-1] ("Against Warner Robins Housing Authority (by actions of Early, Bray, Faulks)").

[39] Third Am. Compl. at 12-13, [Doc. 6-1].

[40] 42 U.S.C. § 1983.

[41] *Cherry v. Allen*, 765 F. Supp. 3d 1321, 1348 (S.D. Ga. 2025) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see also Scott v. Miami Dade Cnty.*, No. 21-13869, 2023 WL 4196925, at *8 (11th Cir. June 27, 2023) (same).

[42] *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003).

9

entity] cannot be held liable under § 1983 on a respondeat superior theory."[43] "[T]o impose § 1983 liability on a municipality [or other local governmental entity], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."[44] Thus, "[a] plaintiff may sue a municipality directly under § 1983 when one of its policies, customs, or practices causes a constitutional injury."[45] Although "[t]he policy may be a governmental 'custom' which has not received formal approval through the official decisionmaking channel[,] . . . [that] custom [must be] a practice so settled and permanent that it takes on the force of law."[46] "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."[47] This means "a local government 'will be liable under [§] 1983 only for acts for which the local government is actually responsible.'"[48]

Plaintiff fails to state a *Monell* claim because she asserts, in essence, a precluded respondeat superior claim against WRHA for alleged constitutional violations committed by its employees, and she fails to identify any policy, custom, or practice of WRHA that

---

[43] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[44] *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

[45] *Edwards v. Grubbs*, No. 24-12787, 2026 WL 706637, at *8 (11th Cir. Mar. 13, 2026) (citing *Monell*, 436 U.S. at 690 (1978)).

[46] *Id.* (quoting *Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986)).

[47] *Id.* (quoting *Monell*, 436 U.S. at 690–91).

[48] *Id.* (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc)).

caused a constitutional injury. Plaintiff's allegation that "[she] was subjected to an invented probation status not grounded in policy or law" is insufficient to state a policy or custom of WRHA because she only alleges it applied to her, not that this practice was settled and permanent. Even if this vague "probation status" amounted to a custom, Plaintiff does not identify how the probation status caused a procedural due process violation.[49]

## IV. "Invasion of Privacy / Defamation (Georgia Common Law)"

In Count IV, Plaintiff asserts a respondeat superior and/or vicarious liability claim against WRHA for alleged defamation committed by a WRHA staff member.[50] Plaintiff alleges: (1) "[s]taff member Gidney referred to Plaintiff and her children as 'goons' in public[;]" and (2) "[t]hese statements damaged Plaintiff's reputation and caused emotional harm."[51] Plaintiff does not allege whether Gidney's defamatory statement was oral or written.[52] Under Georgia law, a defamation claim has four elements: "(1) a false

---

[49] "[A] § 1983 action alleging a procedural due process clause violation requires proof of three elements: [(1)] a deprivation of a constitutionally-protected liberty or property interest; [(2)] state action; and [(3)] constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). "Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest." *Id.*

[50] Third Am. Compl. at 13-14, [Doc. 6-1]. To the extent Plaintiff asserts a false light invasion of privacy claim, Plaintiff's false light claim fails because her false light and defamation claims are based on the same allegedly defamatory statement. *See Bollea v. World Championship Wrestling, Inc.*, 271 Ga. App. 555, 557 n.1 (2005); *Smith v. Stewart*, 291 Ga. App. 86, 100, 660 S.E.2d 822, 834 (2008).

[51] Third Am. Compl. at 14, [Doc. 6-1].

[52] *See Boley v. A-1 Horton's Moving Serv., Inc.*, 373 Ga. App. 574, 578 n.4 (2024) ("Because libel or slander are types of defamatory statements, libel and slander are considered under the same umbrella as defamation.") (citing *RCO Legal, P.S., Inc. v. Johnson*, 347 Ga. App. 661, 663 n. 3 (2018)).

and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm."[53] "A defamation action will lie only for a statement of fact[] . . . because a statement that reflects an opinion or subjective assessment . . . cannot be proved false."[54]

Here, Plaintiff has failed to allege sufficient facts to meet the first element of her claim. Gidney's alleged statement that Plaintiff and her children were "goons" amounts to mere name-calling or rhetorical hyperbolic opinion which is not actionable defamation under Georgia law.[55]

Even if this statement was actionable, Plaintiff's claim still fails. To the extent Plaintiff seeks to assert a respondeat superior or vicarious liability claim against WRHA for its employee's alleged slander (or oral defamation), Plaintiff fails to state a claim because "the doctrine of respondeat superior does not apply in slander cases[,]" and Plaintiff failed to allege WRHA's "agent was expressly directed or authorized to slander [her]."[56] And to the extent Plaintiff seeks to assert a libel (or written defamation) claim

---

[53] *Boley*, 373 Ga. App. at 578 (quoting *Infinite Energy, Inc. v. Pardue*, 310 Ga. App. 355, 356 (2011)).

[54] *See Johnson v. Lindsay Pope Brayfield & Assocs., Inc.*, 364 Ga. App. 656, 661 (2022).

[55] *See Johnson v. Lindsay Pope Brayfield & Assocs., Inc.*, 364 Ga. App. 656, 661 (2022); *Mauck v. Athens Pride, Inc.*, 922 S.E.2d 870, 881 (Ga. Ct. App. 2025); *Bekele v. Ryals*, 177 Ga. App. 445, 446 (1986) ("Georgia law does not recognize 'name-calling' as a tort[.]").

[56] *Smith v. Tr. Co. Bank*, 215 Ga. App. 413, 416 (1994) ("It is well settled law in Georgia that the doctrine of respondeat superior does not apply in slander cases, and a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff."); *Tootle v. Cartee*, 280 Ga. App. 428, 430 (2006) (same).

12

against WRHA based on respondeat superior or vicarious liability, Plaintiff fails to state a claim because she does not identify any writing made or published by WRHA's alleged employee. Thus, Plaintiff has failed to state a defamation claim.

### V. "Illegal Entry / Breach of Quiet Enjoyment (Georgia landlord-tenant law; 42 U.S.C. § 1437f)"

In Count V, Plaintiff asserts claims for "illegal entry[,]" "breach of quiet enjoyment," and violation of 42 U.S.C. § 1437f against WRHA arising from the acts of two WRHA staff members.[57] Plaintiff alleges: (1) "[s]taff members entered Plaintiff's home without proper notice or emergency justification[;]" and (2) "[m]ultiple intrusions coupled with ignored maintenance issues caused distress and violated Plaintiff's right to quiet enjoyment[.]"[58] "[T]o establish a breach of the covenant of quiet enjoyment," the plaintiff must "prove that [the defendant] did not have good title to lease h[er] the premises or that someone else had paramount title."[59] Plaintiff fails to state a claim for breach of the implied covenant of quiet enjoyment because she makes no allegations concerning WRHA's title.[60] To the extent Plaintiff asserts claims for breach of the implied warranty of habitability and/or trespass, i.e., "illegal entry," her general and conclusory

---

[57] Third Am. Compl. at 14-16, [Doc. 6-1].

[58] *Id.* at 15-16.

[59] *George v. Hercules Real Est. Servs., Inc.*, 339 Ga. App. 843, 850 (2016); *see also Mary Allen Realty & Mgmt., LLC v. Harris*, 354 Ga. App. 858, 861 (2020) (quoting *George*, 339 Ga. App. at 850) ("[A] covenant for quiet enjoyment of the premises is necessarily implied in every lease and goes to the extent of representing that the landlord has a good title and can give a free and unencumbered lease of the premises for the term stipulated.")

[60] *George*, 339 Ga. App. at 850.

allegations are insufficient to state a claim for relief. Moreover, to the extent Plaintiff

asserts a claim under 42 U.S.C. § 1437f—the Housing Act, Plaintiff's claim fails because

no implied private right of action exists under § 1437f,[61] and even if such a right of action

did exist, her general and conclusory allegations are insufficient to state a claim for relief.

## VI. "Unlawful Retaliation via Lease Amendments and Vehicle Threats (42 U.S.C. § 3617; 42 U.S.C. § 1983)"

In Count VI, Plaintiff asserts a retaliation claim under 42 U.S.C. § 3617 of the Fair

Housing Act and 42 U.S.C. § 1983 against WRHA.[62] Plaintiff solely alleges a WRHA staff

member "threatened to tow Plaintiff's vehicle over a flat tire."[63] Plaintiff's factual

allegation, accepted as true, is insufficient to state a claim for relief.

## VII. "Violation of Georgia Open Records Act (O.C.G.A. § 50-18-70 et seq.)"

In Count VII, Plaintiff asserts a claim under Georgia's Open Records Act against

WRHA.[64] "[A] private citizen[] has a cause of action to seek a civil penalty under O.C.G.A.

§ 50-18-74 (a) of Georgia's Open Records Act."[65] But Plaintiff's vague, general allegations

---

[61] *See Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir. 2001); *Smith v. Washington Heights Apartments, Ltd.*, 794 F. Supp. 1141, 1144 (S.D. Fla. 1992); *Reyes-Garay v. Integrand Assur. Co.*, 818 F. Supp. 2d 414, 430 (D.P.R. 2011).

[62] Third Am. Compl. at 16, [Doc. 6-1].

[63] Third Am. Compl. at 16, [Doc. 6-1].

[64] *Id.* at 17-18.

[65] *Cardinale v. Keane*, 362 Ga. App. 644, 648 (2022); O.C.G.A. § 50-18-74(a) ("[A] civil penalty may be imposed by the court in any civil action brought pursuant to this article against any person who negligently violates the terms of this article[.]"); *Blalock v. Cartwright*, 300 Ga. 884, 887 (2017) ("[T]he Act expressly creates a private right of action to enforce the obligations imposed on persons or agencies having custody of records open to the public under the Act."); *see also* O.C.G.A. § 50-18-73(a) ("The superior courts of this state shall have jurisdiction in law and in equity to entertain actions against persons *or agencies having custody of records*

14

are insufficient to state a claim for relief.[66] Plaintiff's allegations are threadbare and conclusory. Plaintiff fails to allege WRHA is an "agency" within the meaning of O.C.G.A. § 50-18-70(b)(1) and a "custodian" of records open to the public within the meaning of O.C.G.A. § 50-18-70(b)(1.1).[67] Also, Plaintiff fails to allege the "tenant account, inspections, and grievance records[]" she requested were "public records" within the meaning of O.C.G.A. § 50-18-70(b)(2).

## CONCLUSION

Having conducted a preliminary screening of Plaintiff's Third Amended Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** this action **WITHOUT PREJUDICE** because Plaintiff's recast complaint fails to state any claim upon which relief can be granted.

**SO ORDERED,** this 30th day of March, 2026.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

*open to the public* under this article to enforce compliance with the provisions of this article. Such actions may be brought by any person, firm, corporation, or other entity.") (emphasis added).

[66] Third Am. Compl. at 17-18, [Doc. 6-1].

[67] Also, Plaintiff fails to allege the "tenant account, inspections, and grievance records[]" she requested were "public records" within the meaning of O.C.G.A. § 50-18-70(b)(2).